UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL OWENS,

    Plaintiff,

    v.

SCOTT KERNAN,

    Defendant.

No. 2:16-cv-0167-EFB P

ORDER GRANTING IFP AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis.[1]

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

1  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
2  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
3  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
4  relief."  *Id.* § 1915A(b).

5        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
6  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
7  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
8  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
9  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
10 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
11 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
12 U.S. 662, 679 (2009).

13       To avoid dismissal for failure to state a claim a complaint must contain more than "naked
14 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
15 action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
16 a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at
17 678.

18       Furthermore, a claim upon which the court can grant relief must have facial plausibility.
19 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
22 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
23 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
24 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25 **III.    Screening Order**

26       Review plaintiff's complaint (ECF No. 1) pursuant to § 1915A reveals that it must be
27 dismissed for failure to state a claim.  Plaintiff alleges that Title 15 of the California Code of
28 Regulations, section 3177(b)(2), which prohibits conjugal visits for inmates serving a life

1  sentence, violates his rights under the First Amendment and the Religious Land Use and
2  Institutionalized Persons Act because he is serving a life sentence and his religion requires that
3  his marriage be consummated.

4      The Free Exercise Clause of the First Amendment provides, "Congress shall make no law
5  . . . prohibiting the free exercise" of religion. U.S. CONST., amend. I.  An inmate's right to
6  exercise religious practices, however, "may be curtailed in order to achieve legitimate
7  correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.
8  1987) (per curiam).  Generally applicable laws that incidentally burden a religious practice do not
9  violate the Free Exercise Clause. *Employment Division v. Smith*, 494 U.S. 872, 878 (1990);
10  *Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005).  "Because section 3177 does not prohibit conjugal
11  visitation solely [on the basis of religion], but [applies to] all life inmates regardless of religion, it
12  does not violate the Free Exercise Clause." *Washington v. Cate*, No. 1:11-cv-00264 GSA PC,
13  2014 U.S. Dist. LEXIS 12402, at *4-5 (E.D. Cal. Jan. 31, 2014).  Plaintiff's First Amendment
14  claim therefore fails.

15      The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides
16  that "no [state or local] government shall impose a substantial burden on the religious exercise of
17  a person residing in or confined to an institution," unless the government shows that the burden
18  furthers "a compelling government interest" by "the least restrictive means." 42 U.S.C. § 2000cc-
19  1(a)(1)-(2). "Religious exercise" includes "any exercise of religion, whether or not compelled by,
20  or central to, a system of religious belief." *Id.* § 2000cc-5(7)(A). A "substantial burden" is one
21  that imposes a significantly great restriction or onus on religious exercise. *San Jose Christian*
22  *College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004).

23      This court previously considered and rejected an inmate's claim that the denial of conjugal
24  visits violates RLUIPA, finding that the right to marry, like many other rights, is subject to
25  substantial restrictions as a result of incarceration and that although the right to marriage is
26  constitutionally protected for inmates, the right to marital privacy and conjugal visits while
27  incarcerated is not. *Shields v. Foston,* No. 2:11-cv-0015 JAM EFB, 2013 WL 3456964 (E. D.
28  Cal., Jul. 9, 2013).  Another court in this district adopted that analysis, reasoning as follows:

     Neither the U.S. Supreme Court nor the Ninth Circuit has yet addressed whether a sincerely held religious belief necessitating conjugal visits must be accommodated under RLUIPA. In *Shields v. Foston*, No. 2:11-cv-0015 JAM EFB, 2013 U.S. Dist. LEXIS 95776, 2013 WL 3456964 (E. D. Cal. Jul. 9, 2013), the court surveyed the district court decisions addressing the question. *See Pouncil v. Tilton*, 704 F.3d 568 (9th Cir. 2012)(addressing a statute of limitations issue but not the merits in a case challenging denial of conjugal visits under RLUIPA.) *Fuller v. Cate*, 481 Fed. Appx. 413 (9th Cir. 2012)(concluding that the attachments to plaintiff's complaint demonstrated that the prohibition on conjugal visits for LWOP inmates did not substantially burden plaintiff's right to enter into a valid Islamic marriage). The lower courts that have addressed the issue appear, thus far, to uniformly conclude that such beliefs must give way to the need for institutional security. *Robertson v. Kansas*, No. 07-3162-SAC, 2007 U.S. Dist. LEXIS 91266, 2007 WL 4322781 (D. Kan. Dec. 10, 2007)(summarily denying Plaintiff's claim for conjugal visits under RLUIPA because such visits would burden prison officials and present security risks); *Marsh v. Granholm*, No. 2:05-cv-134, 2006 U.S. Dist. LEXIS 59203, 2006 WL 2439760 (W.D. Mich., Aug. 22, 2006)(granting summary judgment on plaintiff's RLUIPA claim because: (1) plaintiff, a murder convict, raised particular security concerns regarding his continued incarceration, (2) plaintiff's incarceration was at odds with his request to engage in private heterosexual procreation, and (3) the denial of conjugal visits was the least restrictive means of furthering the government's interest in institutional safety).

     The *Foston* court notes that courts have consistently held that loss of sexual intimacy with a spouse is simply "part and parcel" of imprisonment. *Gerber v. Hickman*, 291 F.3d 617, 620-22; *see also Turner v. Safley*, 482 U.S. 78, 97, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987)("The right to marry, like many other rights, is subject to substantial restrictions as a result of incarceration."); *Hernandez v. Coughlin*, 18 F.3d 133, 137(2nd Cir. 1994)("[E]ven though the right to marriage is constitutionally protected for inmates, the right to marital privacy and conjugal visits while incarcerated is not."); *Lucas v. Tilton*, No. 1:08-cv-00515 AWI GSA, 2010 U.S. Dist. LEXIS 8347, 2010 WL 431737 (E.D. Cal. Feb. 2, 2010) (concluding that the balance of equities did not support plaintiff's request for a preliminary injunction allowing Plaintiff to have a conjugal visit with his wife "because the loss of intimate association is a well-known aspect of being imprisoned for conviction of a crime.").

     Plaintiff does not allege any facts indicating that Defendants in any way prohibited him from entering into a valid marriage under California law. Plaintiff levels a conclusory allegation that CDCR policy is "bias and discriminatory" and that Defendants "fail to provide any information of a legitimate penological justification, as to how Plaintiff's length of sentence would breach the safety or security of the inmate population, staff, or the public, by the consummation of his marriage, or how the Department's requirements outweigh Religious Statute and Constitutional Law." The issue in this matter is clear. Plaintiff alleges that he was denied a conjugal visit because of his status as life prisoner. Plaintiff alleges that

the denial was pursuant to state regulation, and that Plaintiff was informed that the denial was based upon the regulation and security concerns of the institution. That Plaintiff was denied a conjugal visit does not state a claim for relief under RLUIPA.

*Washington v. Cate*, No. 1:11-cv-00264 GSA PC, 2014 U.S. Dist. LEXIS 12402, at *4-5 (E.D. Cal. Jan. 31, 2014). Like the plaintiff in *Washington* and *Shields v. Foston,* plaintiff's claim that he was denied a conjugal visit because of his status as a life prisoner fails to state a claim for relief under RLUIPA.

For these reasons, the complaint fails to state a cognizable claim for relief. Because the complaint's deficiencies could not be cured by further amendment, the complaint is dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**IV.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 6) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. This action is dismissed for failure to state a claim and the Clerk is directed to close the case.

Dated: June 16, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE